IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES NATHANEAL CHRISTIE                                                PLAINTIFF

vs.                           Civil No. 6:16-cv-06035

NANCY BERRYHILL                                                         DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

James Nathaneal Christie ("Plaintiff") was seventeen years old when his aunt brought this action on his behalf, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his application for SSI on January 25, 2013, alleging disability due a mental impairment. (Tr. 226). Plaintiff was born on February 25, 1995, and was under the age of eighteen at the time of filing the application. (Tr. 74). At the time of the ALJ's decision, Plaintiff was

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

nineteen years of age. Therefore, the ALJ reviewed Plaintiff's claim of disability under the child and adult SSI law.

This application was denied initially and again upon reconsideration. (Tr. 157-160, 167-169). Thereafter, Plaintiff requested an administrative hearing and this hearing request was granted. (Tr. 170). An administrative hearing was held on October 14, 2014. (Tr. 97-116). Plaintiff was present and was represented by Don Pullen at this hearing. *Id.*

On January 14, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI under the childhood and adult standard of disability. (Tr. 70-92). In this decision, the ALJ determined Plaintiff was born on February 25, 1995 and was an adolescent when the application was filed. (Tr. 74, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the application date. (Tr. 74, Finding 2).

The ALJ determined Plaintiff, before the age of 18, had the following severe impairments: adjustment disorder, post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), and learning disorder. (Tr. 75, Finding 3). The ALJ also determined, however, that before the age of 18, none of Plaintiff's impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 75, Finding 4).

In assessing whether Plaintiff's impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 75-83, Finding 5). Specifically, the ALJ determined Plaintiff had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) marked limitation in interacting and relating with others; (4) less than marked

limitation in moving about and manipulating objects; (5) less than marked limitation in the ability to care for himself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined Plaintiff, prior to attaining the age of 18, had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of his decision. (Tr. 83, Finding 6).

Since the age of 18, the ALJ determined Plaintiff developed new severe impairments of lumbar spondylosis, schizoaffective disorder, bipolar I disorder, and generalized anxiety disorder. (Tr. 83, Findings 7, 8). The ALJ also determined, however, that since attainting the age of 18, none of Plaintiff's impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 84, Finding 9).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC") since attaining the age of 18. (Tr. 85-91, Finding 10). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for light work with limitations. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 91, Finding 11). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform since attaining the age of 18. (Tr. 91, Finding 15). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a motel cleaner with approximately 370,000 such jobs in the nation, 57,000 such jobs in the region, and 3,000 such

jobs in the State of Arkansas, and as a shell inspector with approximately 128,000 such jobs in the nation, 22,000 such jobs in the region, and 800 such jobs in the State of Arkansas. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since February 24, 2013, through the date of the decision. (Tr. 92, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 19). On March 25, 2016, the Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On April 18, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 20, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

4

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed his application in 2013, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is

5

medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff argues the ALJ erred (1) in finding he did not have an impairment that satisfied functional equivalence in the broad areas of development and functioning, and (2) in failing to find Plaintiff met a Listing. ECF No. 11. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

**A. Childhood Disability**

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). Plaintiff claims the ALJ erred in determining whether his impairments were functionally equivalent to a Listing. ECF No. 11, Pgs. 7-15. The Court will address these domains.

### 1. Acquiring and Using Information

Acquiring and using information concerns how well a child is able to acquire or learn information and how well a child uses the information he has learned. *See* 20 C.F.R. § 416.926a(g). This domain involves how well a child perceives, thinks about, remembers, and uses information in all settings, which includes daily activities at home, at school, and in the community. *See id.* Some examples of difficulties children could have in acquiring and using information are: (i) does not understand words about space, size, or time (e.g., in/under, big/little, morning/night); (ii) cannot rhyme words or the sounds in words; (iii) has difficulty recalling important things learned in school yesterday; (iv) has difficulty solving mathematics questions or computing arithmetic answers; or (v) talks only in short, simple sentences, and has difficulty explaining what he means. *See* 20 C.F.R. § 4l6.926a(g)(3).

The ALJ determined Plaintiff had a less than marked limitation in this domain of functioning. (Tr. 78-79). Plaintiff disputes this finding. ECF No. 11, Pgs. 10-11. In his decision, the ALJ considered the reports from Plaintiff's teachers and testimony. Specifically, the ALJ noted Plaintiff's aunt indicated Plaintiff could spell words of more than four letters, tell time, and add and subtract numbers over ten. (Tr. 79, 237). Also, the ALJ noted Plaintiff only required special education courses for English and Math. (Tr. 434).

Additionally, a Teacher Questionnaire, completed on March 13, 2013, provided information on Plaintiff's activities that corresponded to acquiring and using information, rating the severity level as "no problem," "a slight problem," "an obvious problem," "a serious problem," and "a very serious problem" (Tr. 251). Plaintiff did not have a "serious problem" or "very serious problem" under any of the activities corresponding to acquiring and using information. *Id.* Plaintiff had an "obvious problem" in comprehending and doing math problems; expressing ideas in written form; and

learning new material. *Id.* Plaintiff had either "no problem" or "a slight problem" in the remaining activities related to acquiring and using information. *Id.*

Considering the ALJ's reasoning, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 2. Attending and Completing Tasks

This domain considers how well a child is able to focus and maintain attention and how well he is able to begin, carry through, and finish activities, including the mental pace at which he performs activities and the ease of changing activities. *See* 20 C.F.R. § 416.926a(h). Attending and completing tasks also refers to a child's ability to avoid impulsive thinking and his ability to prioritize competing tasks and managing his time. *See id.* Some examples of difficulty children could have in attending and completing tasks are: (i) is easily startled, distracted, or over-reactive to sounds, sights, movements, or touch; (ii) is slow to focus on, or fails to complete, activities of interest (e.g., games or art projects); (iii) repeatedly becomes side-tracked from activities or frequently interrupts others; (iv) is easily frustrated and gives up on tasks, including ones he is capable of completing; or (v) requires extra supervision to remain engaged in an activity. *See* 20 C.F.R. § 4l6.926a(h)(3).

The ALJ determined Plaintiff had a less than marked limitation in this domain of functioning. (Tr. 79-80). In his decision, the ALJ found Plaintiff had a history of ADHD, but took medication to help him concentrate. (Tr. 80). Additionally, the Teacher Questionnaire rates all of Plaintiff's activities that correspond to attending and completing tasks as either "no problem" or "a slight problem" (Tr. 252).

Considering the ALJ's reasoning, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 3. Interacting and Relating with Others

This domain of functioning considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). Interacting and relating with others relates to all aspects of social interaction at home, at school, and in the community. *See id.* Because communication is essential to both interacting and relating, this domain considers speech and language skills children need to speak intelligently and to understand and use the language of their community. *See id.*

The ALJ determined Plaintiff had a marked limitation in this domain of functioning. (Tr. 80-81). Plaintiff argues he had a severe limitation in this domain and does not appear to contest the ALJ's finding of marked limitation. As noted above, a marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e).

Considering the ALJ's reasoning and these facts, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 4. Moving About and Manipulating Objects

This domain considers how well a child is able to move his body from one place to another and how a child moves and manipulates objects. *See* 20 C.F.R. § 416.926a(j). These activities may require gross motor skills, fine motor skills, or a combination of both. *See id.* Limitations in this

domain can be associated with musculoskeletal and neurological impairments, other physical impairments, medications or treatments, or mental impairments. *See id.*

Some examples of difficulty children could have in moving about and manipulating objects are: (i) experience muscle weakness, joint stiffness, or sensory loss that interferes with motor activities (e.g., you unintentionally drop things); (ii) trouble climbing up and down stairs, or have jerky or disorganized locomotion or difficulty with balance; (iii) difficulty coordinating gross motor movements (e.g., bending, kneeling, crawling, running, jumping rope, or riding a bike); (iv) difficulty with sequencing hand or finger movements; (v) difficulty with fine motor movement (e.g., gripping or grasping objects); and (vi) poor eye-hand coordination when using a pencil or scissors. *See* 20 C.F.R. § 416.926a(j)(3).

In this case, the ALJ found Plaintiff had less than marked limitation in moving about and manipulating objects. (Tr. 81-82). In support of his findings, the ALJ noted Plaintiff could walk, swim, throw a ball, jump rope, and work video game controls. (Tr. 82, 237). The Teacher Questionnaire also showed Plaintiff had no problems in moving about and manipulating objects. (Tr. 254).

There is no indication in the transcript that Plaintiff has a marked limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 5. Caring for Yourself

This domain considers how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways. *See* 20 C.F.R. § 416.926a(k). This includes how the child copes with stress and changes in the environment and how well the child takes care of his own health, possessions, and living area. *See*

*id.*

Some examples of difficulty children could have in interacting and relating with others are: (i) continues to place non-nutritive or inedible objects in the mouth; (ii) often uses self-soothing activities that are developmentally regressive (e.g., thumb-sucking or re-chewing food); (iii) does not dress or bathe age-appropriately; (iv) engages in self-injurious behavior (e.g., suicidal thoughts or actions, self-inflicted injury, or refusal to take medication), or ignores safety rules; (v) does not spontaneously pursue enjoyable activities or interests; or (vi) has disturbances in eating or sleeping patterns. *See* 20 C.F.R. § 4l6.926a(k)(3).

In this case, the ALJ found Plaintiff had less than marked limitation in his ability to care for himself. (Tr. 82-83). In support of this, the ALJ found Plaintiff took care of his personal hygiene, washed and put away his clothes, helped around the house, got to school on time, studied and did homework, took needed medication, obeyed rules, avoided accidents, and asked for help when needed. (Tr. 82, 239). Also, the Teacher Questionnaire showed Plaintiff did not have a "serious problem" or "very serious problem" under any of the activities related to caring for himself. (Tr. 255). Plaintiff had an "obvious problem" in handling frustration appropriately; responding appropriately to changes in own mood; and using appropriate coping skills to meet daily demands of school environment. *Id*. Plaintiff had either "no problem" or "a slight problem" in the remaining activities related to caring for himself. *Id*.

There is no indication in the transcript that Plaintiff has a marked limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

### 6. Health and Physical Well-Being

This domain considers the cumulative physical effects of physical and mental impairments and any associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move about and manipulate objects. *See* 20 C.F.R. § 416.9292a(l). Unlike the other five domains of functional equivalence, which address a child's abilities, this domain does not address typical development and functioning. *See id.* The "Health and Physical Well-Being" domain addresses how recurrent illness, the side effects of medication, and the need for ongoing treatment affect the child's health and sense of physical well-being. *See id.*

In this case, the ALJ found Plaintiff had a less than marked limitation in his health and physical well-being. (Tr. 83). Plaintiff claimed he only had a severe limitation in this domain and did not contest the ALJ's more severe finding of less than marked limitation.

There is no indication in the transcript that Plaintiff has a marked limitation in this domain. Thus, this Court finds the ALJ's assessment in this domain of functioning is supported by substantial evidence in the record.

Overall, the evidence shows Plaintiff did not have a "marked" limitation in two domains or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a. As a result, substantial evidence supports the ALJ's finding that Plaintiff's functional limitations did not meet, medically equal, or functionally equal a listing and, therefore, his impairments were not disabling for purposes of child's disability. (Tr. 83).

### 2. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits

the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included lumbar spondylosis, schizoaffective disorder, bipolar I disorder, and generalized anxiety disorder. (Tr. 83, Finding 7). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under 12.04 for Depressive, Bipolar and Related Disorders and 12.06 for Anxiety Related Disorder. ECF No. 11. Defendant argues Plaintiff has failed to establish he meets either of these Listings. ECF No. 12.

In order to be disabled under the requirements of Listing 12.04 or 12.06, both subsection A and B, must be met. 20 C.F.R. 404, subpt. P, app. 1, § 12.04, 12.06. In this matter, Plaintiff only addressed the B criteria and did not show how he met the A criteria. Therefore, Plaintiff did not meet his burden that his impairments meet or equal an impairment set out in the Listing of Impairments.

However, Plaintiff also failed to establish he met the requirements of the B criteria. The Subsection B requirements for Listing 12.04 and 12.06, are as follows:

B. Resulting in at least two of the following:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

Plaintiff argues he has marked limitations in social functioning, maintaining concentration, persistence or pace, and episodes of decompensation. However, the ALJ correctly determined Plaintiff had moderate limitations in activities of daily living; moderate difficulties in social functioning; moderate difficulties in concentration, persistence, or pace; and no episodes of decompensation. (Tr. 84).

In discussing limitations in social functioning, the ALJ referenced findings from Dr. Charles Lewis who indicated Plaintiff had depressed mood, but had adequate social skills and cooperative interaction. (Tr. 87, 617). Also, psychological consultant Dr. Jon Mourot, reviewed Plaintiff's mental-health records and found Plaintiff had moderate limitations in social functioning. (Tr. 149).

In finding Plaintiff had moderate limitations in concentration, persistence, or pace, the ALJ relied on opinions of Dr. Lewis and Dr. Jacob Abraham, who both found Plaintiff had controlled attention and concentration secondary to medications. (Tr. 87, 622, 641, 656). Additionally, Dr. Mourot, indicated Plaintiff had moderate limitations in concentration, persistence, or pace. (Tr. 149).

Finally, there is no evidence of Plaintiff having any episode of decompensation. Plaintiff's only argument of support is referencing some office records indicating Plaintiff had difficulties controlling his anger. ECF No. 11, Pg. 19.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find

substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of May 2017.**

                                           /s/   Barry A. Bryant
                                         HON. BARRY A. BRYANT
                                         U.S. MAGISTRATE JUDGE